08-CV-05223-ORD

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE UNITED STATES OF AMERICA, )
         Plaintiff, )
         v. )
PUGET SOUND ENERGY, INC. )
         Defendant. )

Civil Action No. C08-5223 FDB

## STIPULATION AND ORDER OF SETTLEMENT

WHEREAS, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed a complaint in this action ("Complaint") alleging that Defendant Puget Sound Energy, Inc. ("Defendant") violated sections 301(a) and 311(b)(3) of the Clean Water Act ("Act"), 33 U.S.C. §§ 1311(a) & 1321(b)(3), in connection with a discharge of diesel fuel from its Crystal Mountain Emergency Generation Facility located near Greenwater, Pierce County, Washington.

WHEREAS, the Complaint seeks the award of a civil penalty pursuant to section 311(b)(7)(A) of the Act, 33 U.S.C. § 1321(b)(7)(A).

WHEREAS, Defendant does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

WHEREAS, the United States and the Defendant (the "Parties") agree that settlement of the United States' claims against Defendant, without further litigation, is in the public interest.

WHEREAS, the Parties further agree that the Court's approval of this Stipulation and Order of Settlement ("Stipulation") is an appropriate means of resolving the claims in this action.

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law except as provided in Paragraph 1, below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED AND DECREED as follows:

1. This Court has jurisdiction over the parties to, and the subject matter of, this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and sections 309(b) and 311(b)(7)(E) of

1  the Act, 33 U.S.C. §§ 1319(b) & 1321(b)(7)(E). Venue is proper in this district under 28 U.S.C.

2  §§ 1391 and 1395(a), and section 311(b)(7)(E) of the Act, 33 U.S.C. § 1321(b)(7)(E). Notice of

3  the commencement of this action has been given to the State of Washington in accordance with

4  section 309(b) of the Act, 33 U.S.C. § 1319(b). Defendant waives any and all objections it may

5  have to the Court's jurisdiction, waives service of process in accordance with the requirements

6  set forth in the Federal Rules of Civil Procedure, and for purposes of this Stipulation submits to

7  the Court's jurisdiction.

8      2.    No later than 30 days after the date this Stipulation is entered by the Court,

9  Defendant shall pay to the United States a civil penalty in the amount of $471,900.00.

10     3.    The payment shall be made by FedWire Electronic Funds Transfer ("EFT") in

11 accordance with current electronic funds transfer procedures, referencing USAO File

12 No. _____, EPA Docket No. CWA-10-2007-0050, and DOJ Case No. 90-5-1-1-09177. The

13 payment shall be made in accordance with instructions provided to Defendant by the Financial

14 Litigation Unit of the U.S. Attorney's Office for the Western District of Washington. Any EFTs

15 received at the DOJ lockbox bank after 11:00 a.m. Eastern Time will be credited on the next

16 business day. In accordance with section 311(s) of the Act, 33 U.S.C. § 33 U.S.C. § 1321(s),

17 amounts received by the United States pursuant to this Stipulation shall be deposited in the Oil

18 Spill Liability Trust Fund. No later than five business days after payment, Defendant shall

19 provide written notice of payment and a copy of any transmittal documentation to DOJ, EPA,

20 and the U.S. Attorney's Office at the addresses below.

21 As to DOJ:    Chief, Environmental Enforcement Section
22     Environment and Natural Resources Division
    U.S. Department of Justice
23     P.O. Box 7611
    Washington, D.C. 20044-7611
24     Re: DJ No. 90-5-1-1-09177

As to EPA:    Stephanie Mairs
25     Assistant Regional Counsel
    U.S. Environmental Protection Agency Region 10
26     Mail Code: ORC-158
    1200 Sixth Avenue, Suite 900
27     Seattle, WA 98101
    Re: EPA Docket No. CWA-10-2007-0050
28

Stipulation and Order of Settlement
*United States v. Puget Sound Energy, Inc.* (W.D. Wash.)
Page 2 of 5

| | |
|---|---|
| As to the U.S. Attorney's Office | Financial Litigation Unit<br>Office of the United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101<br>Re: USAO No. _____ |

4. If the civil penalty is not fully paid when due, Defendant shall pay a stipulated penalty of $1,000 per day for each day that the payment is delayed beyond the due date. Further, Defendant shall pay interest on the overdue amount, from the original due date to the date of payment, at the statutory judgment rate in accordance with 28 U.S.C. § 1961. Further, Defendant shall be liable for costs, including costs of attorney time, incurred by the United States to collect any amount due under this Stipulation.

5. All payments required by this Stipulation are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not a tax deductible expenditure for purposes of federal law.

6. The payment by Defendant under this Stipulation shall constitute full settlement and satisfaction of the civil penalty claims asserted by the United States in the above-captioned action pursuant to section 311 of the Clean Water Act, 33 U.S.C. § 1321, as alleged in the Complaint.

7. The United States reserves, and this Stipulation is without prejudice to, all rights against Defendant with respect to all other matters not asserted by the United States in the Complaint, including, but not limited to, natural resource damages, recovery of response costs, and any criminal liability. The Defendant shall not raise res judicata, claim preclusion, issue preclusion, or any similar defense in response to any claim not asserted in the Complaint.

8. This Stipulation shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Stipulation disclose facts or considerations indicating that the Stipulation is inappropriate, improper, or inadequate.

9. This Stipulation will terminate when the Defendant has paid the civil penalty and any stipulated penalties and interest required by this Stipulation.

10. Each party shall bear its own costs and attorneys' fees in this matter, except as provided in paragraph 4, above.

11. The undersigned representative of Defendant, and the Deputy Section Chief of the Environmental Enforcement Section, Environment and Natural Resources Division, each certify that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind Defendant and the United States, respectively, to it.

So Ordered this 2 day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE

FOR PLAINTIFF
THE UNITED STATES OF AMERICA:

Date: _____
ELLEN M. MAHAN
Deputy Section Chief

Date: 4/11/08
ERIKA M. ZIMMERMAN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20044-7611

Date: 4/11/2008
EDWARD J. KOWALSKI
Regional Counsel
U.S. Environmental Protection Agency Region 10
Mail Code: ORC-158
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101

```
 1
 2
 3                                              FOR SETTLING DEFENDANT
                                                PUGET SOUND ENERGY, INC.:
 4
 5   Date: 4.10.08                              _____
                                                ERIC MARKELL
 6                                              Executive Vice President/Chief Financial Officer
 7
```

Stipulation and Order of Settlement
*United States v. Puget Sound Energy, Inc.* (W.D. Wash.)
Page 5 of 5